UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNIE SHERRELL,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A BERRYHILL,<br><br>    Defendant. | Case No. 19-cv-01252-KAW<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 35 |

Plaintiff brought this action seeking review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant"). Following the Court's remand of the case for further proceedings, the Commissioner granted Claimant's[1] application for benefits, entitling Claimant to $147,376 in retroactive benefits. (Mot. for Attorney's Fees at 3, Dkt. No. 35; *see also* Exh. 1 at 2, Dkt. No. 35-1.) Plaintiff's counsel, Martha Yancey, now brings a motion for attorney's fees under 42 U.S.C. § 1383(d)(2)(B), seeking an award of $25,725. (Mot. for Attorney's Fees at 1.) The Court deems the matter suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b). Having considered the papers filed by the parties and the relevant legal authority, the Court GRANTS the motion, for the reasons set forth below.

**I.   BACKGROUND**

On December 15, 2014, Claimant applied for Title II and Title XVI benefits. (Administrative Record ("AR") 173, 179.) The Social Security Administration ("SSA") denied Plaintiff's application, and on March 7, 2019, Plaintiff commenced an action for judicial review

---

[1] On December 13, 2019, a notice of Claimant's death was filed. (Dkt. No. 25.) On March 31, 2020, the Court granted a motion to substitute the personal representative of Claimant's estate as the plaintiff in this case. (Dkt. No. 30.)

pursuant to 42 U.S.C. § 405(g). On November 27, 2020, the Court granted Plaintiff's motion for summary judgment and remanded for further proceedings. (Dkt. No. 31 at 10.) On January 11, 2021, the parties stipulated to the payment of attorney's fees and costs under the Equal Access to Justice Act ("EAJA") in the amount of $4,412.87. (Dkt. No. 33.) The $4,412.87 was received by counsel. (*See* Mot. for Attorney's Fees at 4.)

On September 24, 2021, Plaintiff's counsel filed the instant motion for attorney's fees, seeking a fee of $25,725 (17.5% of the retroactive benefits). (Mot. for Attorney's Fees at 1, 3.) Plaintiff's counsel's request is based on a contingent fee agreement with Plaintiff that permits Plaintiff's counsel to seek 25% of past-due benefits for work performed before the courts. (Mot. for Attorney's Fees, Exh. 3 at 1, Dkt. No. 35-3.) The Commissioner filed a response on October 1, 2021, taking no position on the reasonableness of the request. (Def.'s Resp. at 4, Dkt. No. 36.) No reply was filed, nor were any objections received from individual Plaintiff.

## II.   LEGAL STANDARD

42 U.S.C. § 1383(d) governs the payment of representative fees for Supplemental Security Income benefits. These regulations track those for the award of attorney's fees under 42 U.S.C. § 406. 42 U.S.C. § 1383(d)(2)(A) ("The provisions of section 206 [42 U.S.C. § 406] . . . shall apply to this part").

42 U.S.C. § 406(b) governs fees for the representation of a claimant before the court, which is not to exceed "25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A). When reviewing a motion for attorney's fees, the Court begins its analysis "by looking first to the contingent-fee agreement, then testing it for reasonableness." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). In assessing the reasonableness of the fee agreement, the Court considers "'the character of the representation and the results the representative achieved.'" *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (quoting *Gisbrecht*, 535 U.S. at 808). Thus, the Court may apply a downward adjustment in the event of "substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Id.* While the Court is not to start with a lodestar analysis, it may use the lodestar analysis as an aid (but not a baseline) to assess the reasonableness of the fee. *Id.*

### III.   DISCUSSION

Plaintiff signed a contingent fee agreement in which Plaintiff "agree[d] to pay a fee equal to twenty five percent (25%) of the total amount of any past-due benefits awarded to [Plaintiff]." (Mot. for Attorney's Fees, Exh. 3 at 1.)  Plaintiff's counsel seeks $25,725, or 17.5% of the $147,376 awarded to Plaintiff in past-due benefits.  (Mot. for Attorney's Fees at 1, 3.)

The Court finds that the amount sought by Plaintiff's counsel is reasonable.  First, the results obtained by Plaintiff's counsel were good, as the Court ordered that the case be remanded for further proceedings, resulting in the award of benefits to Plaintiff.  (*See* Dkt. No. 31.)  Second, the record reveals no undue delay or substandard performance that would warrant a downward adjustment.  Plaintiff's counsel requested no extensions of time.

Third, the amount sought is consistent with the cap set by Congress in § 406(b) and is not disproportionate to the time spent by Plaintiff's counsel in this action.  Plaintiff's counsel spent 33.7 hours on this case, for an effective rate of $763.35.  (Mot. for Attorney's Fees at 3.)  This rate is comparable with rates awarded by other courts in this district.  *Compare with Goodbar v. Colvin*, Case No. 11-cv-4572-SI, 2015 U.S. Dist. LEXIS 149980, at *4 (N.D. Cal. Nov. 2, 2015) (approving effective hourly rate of $772.09); *see also Crawford*, 586 F.3d at 1153 (affirming reasonableness of effectively hourly rates of $519, $875, and $902).  Further, the Ninth Circuit has recognized that in assessing reasonableness, the court should not start with the lodestar method because "the lodestar method tends to under-compensate attorneys for the risk they undertook in representing their clients and does not account for the fact that the statute limits attorneys' fees to a percentage of past-due benefits and allows no recovery from future benefits, which may far exceed the past-due benefits awarded."  *Crawford*, 586 F.3d at 1150.  While the case involves over six years of backpay, there is no indication that Plaintiff's counsel was responsible for the delay.  Thus, considering the three *Crawford* factors, the Court finds that the amount sought by Plaintiff's counsel is reasonable.

### IV.   CONCLUSION

For the reasons stated above, the motion for attorney's fees is GRANTED.  The Court awards fees in the amount of $25,725.  Plaintiff's counsel shall refund to Plaintiff the $4,412.87 in

3

1    EAJA fees that Plaintiff's counsel previously received.

2         IT IS SO ORDERED.

3    Dated: November 10, 2021

4    _____
KANDIS A. WESTMORE

5    United States Magistrate Judge